IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Estate of Casey Goodson, Jr.,

  Plaintiff,

v.

Franklin County, Ohio, *et al.*,

    Defendants

Case No. 2:21-cv-5549
Judge Michael H. Watson
Magistrate Judge Chelsey M. Vascura

### REPLY OF DEFENDANTS, FRANKLIN COUNTY, OHIO AND MICHAEL JASON MEADE, TO PLAINTIFF'S MEMORANDUM IN OPPOSITION (ECF No. 7) TO DEFENDANTS' MOTION TO STAY (ECF No. 6)

For all of the reasons stated in Defendants' Motion to Stay, as well as those set forth in the attached Memorandum in Support, Defendants, by and through counsel, hereby move this Court to enter a stay of all proceedings in this matter until the conclusion of the trial in the parallel criminal case.

G. GARY TYACK
PROSECUTING ATTORNEY
FRANKLIN COUNTY, OHIO

/s/ *Amy L. Hiers*
Amy L. Hiers (0065028)
ahiers@franklincountyohio.gov
Trial Counsel
John A. Zervas (0043611)
Ashlie Depinet (0089094)
Assistant Prosecuting Attorneys
373 South High Street, 13th Floor
jzervas@franklincountyohio.gov
adepinet@franklincountyohio.gov
Columbus, Ohio 43215-6318
(614) 525-3520
FAX (614) 525-6012

**MEMORANDUM IN SUPPORT**

I. INTRODUCTION

In their Motion to Stay, Defendants, Franklin County (the "County") and Michael Jason Meade ("Mr. Meade", and collectively, the "Defendants"), asked this Court to exercise its inherent authority and broad discretion to stay this action until the conclusion of the parallel criminal case against Mr. Meade that is based on the same set of facts as those alleged in the civil complaint. Such a limited stay would avoid any potential infringement on Mr. Meade's Fifth Amendment rights and would allow both the County and Mr. Meade to participate fully and meaningfully in their defense of this action. (ECF No. 6).

Plaintiff filed a Memorandum in Opposition ("Response") to Defendants' Motion on January 12, 2022, in which Plaintiff generally mischaracterizes Defendants' arguments and the bases therefore and asserts, mistakenly and in many instances without any support, that: (a) Defendants' constitutional concerns are insufficient to warrant a stay; (b) the requested stay is too indefinite in time; (c) public interest favors expeditious resolution of this case; (d) judicial economy is best served by denying a stay; and (e) the overlap between the criminal and civil cases is not sufficient to warrant a stay. (ECF No. 7). Nothing in Plaintiff's Response undermines the conclusion that, on balance, an evaluation of the factors weighs substantially in favor of a stay.

II. ANALYSIS

A. Defendants' Constitutional Concerns are More Than Sufficient to Warrant a Stay

Plaintiff does not dispute that Mr. Meade's Fifth Amendment rights are at risk in defending simultaneous civil and criminal cases based on the same set of events. Instead, Plaintiff asserts that any potentially incriminating testimony provided by Mr. Meade can be shielded from Fifth Amendment violation by lesser remedies, such as a protective order or a "limited stay as to the

2

deposition of a particular defendant." (ECF No. 7 at 4.) However, Mr. Meade is not just a "particular defendant": his alleged actions form the basis of both the criminal indictment and much of the civil complaint. Additionally, the allegations against Mr. Meade in the civil case are inextricably intertwined with the allegations against the County. Consequently, without the ability of Mr. Meade to fully participate in the defense of the civil action, both Mr. Meade and the County's ability to meaningfully engage in defense of this action will be severely compromised.

Moreover, the "limited stay" proposed by Plaintiff would provide neither Mr. Meade nor the County with any better opportunity to prepare for and defend this case, conduct meaningful discovery, and protect witness recollections. To the contrary, Mr. Meade and the County's ability to defend this civil action would be undermined and prejudiced. Requiring Mr. Meade to submit to a deposition in this action could potentially require him to commit to making a decision to invoke his right against self-incrimination prior to any trial on his criminal charges. The impact of such a decision cannot be discounted or minimized.

Additionally, Mr. Meade and the County's defense of this civil action will be necessarily impacted by Mr. Meade's testimony. And, even if compelled to be deposed in the civil action, Mr. Meade would likely be inhibited from participating in discovery and neither he nor the County may be able to utilize his testimony in order to pursue or defend any potential dispositive motions. Furthermore, Mr. Meade's exercise of the privilege in this civil action could result in an adverse inference against him. *See, e.g.*, *Baxter v. Palmigiano, 425 U.S. 308, 318 (1976)*, *Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 98 (2d Cir. 2012), *Keating v. Off. of Thrift Supervision*, 45 F.3d 322, 326 (9th Cir. 1995).  In sum, anything less than a full stay of the civil case will put the County and Mr. Meade in an untenable position.

3

A protective order also would be insufficient to protect or preserve Mr. Meade's Fifth Amendment right against self-incrimination. Essentially, Plaintiff proposes that this Court require Mr. Meade to be deposed subject to protective order that would preclude the use of his testimony during the criminal trial. The impact of requiring such sworn testimony, potentially prior to the trial of the criminal case, would have far-reaching negative consequences for both Mr. Meade and the County. Mr. Meade will be defending a simultaneous criminal action, where he faces serious charges and the potential to lose his liberty for a number of years. Even with a protective order in effect, Mr. Meade's deposition testimony may amount to nothing more than his assertion of Fifth Amendment privilege; this would leave the County without an essential witness to testify and Mr. Meade will be otherwise inhibited from fully defending himself in the civil action due to concerns about the ongoing criminal case. Finally, protecting Mr. Meade's Fifth Amendment rights and avoiding any prejudice to his ability to defend the pending criminal charges should be of paramount concern and outweighs Plaintiff's bald assertions regarding potential spoliation of evidence and expeditious resolution of this civil action.

Plaintiff cites to *Kirby Devs., LLC v. XPO Global Forwarding Inc.*, No. 2:18-cv-500, 2018 WL 6075071, at *6 (S.D. Ohio Nov. 20, 2018) for the proposition that the Fifth Amendment privilege attaches only to individuals and not to "business organizations." While the County does not dispute the individual nature of the Fifth Amendment privilege, *Kirby* did not involve individual and government defendants whose defense was so closely and statutorily intertwined. *See* R.C. § 2744.07(A)(1). Nor did *Kirby* involve a moving defendant who had been indicted. Here, both Defendants share representation and the ability (or lack thereof) to present a robust defense as to one necessarily affects the ability to present a robust defense as to the other.

4

Plaintiff relies heavily on the holding in *FirstEnergy,* No. 2:20-cv-3755, WL 507881, at *4 (S.D. Ohio Dec. 23, 2015) for the proposition that such lesser proposed measures would be more appropriate than a full stay. However, in direct contrast to this case, the *FirstEnergy* defendants had not been indicted, nor had even demonstrated the existence of an ongoing criminal investigation against them. The *FirstEnergy* court made clear that should indictments be issued, "the Court [could] revisit the reasonableness of a stay or consider other mechanisms to protect Defendants." *Id.* Accordingly, the *FirstEnergy* defendants were not faced with the untenable choice faced by Mr. Meade, with the concomitant effect that choice will have on the County.

Plaintiff also relies on four cases to support the proposition that the production of documents does not implicate the Fifth Amendment. Each of these cases are readily distinguishable from the stay Defendants seek here. First, Plaintiff's reliance on *Ohio Environmental Council v. U.S. Dist. Court, Southern Dist. of Ohio, Eastern Div.,* 565 F.2d 393, 396 (6th Cir. 1977), is misplaced. In that case, the Sixth Circuit reversed the district court's grant of a stay of an enforcement action under the Clean Air Act to allow the defendant to contest EPA approval of act. No Fifth Amendment concerns were implicated and the Sixth Circuit reversed the stay, in part because the stay was unlimited in duration and would disrupt the statutory scheme set forth in the Clean Air Act. Here, the Fifth Amendment is directly implicated, the duration of the stay is not indefinite (as further addressed by Section II(B) herein), and no statutory schemes are disrupted.

Second, Plaintiff cites to *United States v. Certain Real Property 566 Henrickson Blvd.*, 986 F.2d 990, 997 (6th Cir. 1993) for the proposition that a "blanket assertion" of Fifth Amendment privilege is insufficient to grant a stay. In contrast, the very real and predictable harms outlined herein and in Defendants' Motion to Stay are far from "blanket assertions." Moreover, the

5

*Henrickson Blvd.* claimant had not even sought a stay in the district court and was challenging the production of evidence at the point of summary judgment.

Third, Plaintiff relies on *Couch v. United States, et al.*, 409 U.S. 322 (1973), to demonstrate that the Fifth Amendment privilege adheres to the person and not the production of documents. *Couch* involved the production of documents by a third-party accountant, did not involve a motion for stay, and did not address the same potential Fifth Amendment implications faced here.

Finally, Plaintiff cites to *In re Scrap Metal Antitrust Litig.*, No. 1:02-cv-844, 2002 WL 31988168, at *5 (N.D. Ohio Nov. 7, 2002), for the proposition that the Fifth Amendment privilege does not protect against the production of documents. *Scrap Metal* is easily distinguishable from this case. There, the request for stay occurred pre-indictment. Here, the indictment has already been issued and is directly related to the claims set forth in Plaintiff's complaint. Here, and as addressed more fully in Defendants' Motion to Stay, all of the factors the Court must consider weigh strongly in favor of granting the stay, in contrast to the distinguishable cases on which Plaintiff relies.

    B. <u>Defendants do not Seek an Indefinite Stay</u>

Contrary to Plaintiff's repeated assertions, Defendants do not seek an indefinite or unlimited stay. If the Court grants Defendants' request for a stay, the timeline of such a stay is, of course, well within the Court's broad discretion. In the interests of clarity, Defendants are seeking a stay for no longer than the conclusion of the parallel criminal trial. Where, as here, a party to the civil case has "'already been indicted for the same conduct,'" a stay pending the criminal case is appropriate because "any prejudice to the civil plaintiffs 'is reduced since the criminal case will likely be quickly resolved due to Speedy Trial Act considerations.'" *Smith v. FirstEnergy Corp.*, No. 2:20-cv-3755, 2021 WL 507881, at *2 (S.D. Ohio Feb. 11, 2021) (quoting *F.T.C. v. E.M.A.*

6

*Nationwide, Inc.*, 767 F.3d 611, 628 (6th Cir. 2014)). Accordingly, Defendants are requesting a stay limited to the conclusion of Mr. Meade's criminal trial.

        C.        <u>The Public Interest Favors Protection of Constitutional Rights</u>

Plaintiff contends that because the complaint sets forth a claim against the County under *Monell v. Dept' of Soc. Servs.*, 436 U.S. 658, 694 (1978) (the "*Monell* Claim"), the public interest in the speedy resolution of the civil case outweighs the public interest in the preservation of Mr. Meade's constitutional rights. However, the mere inclusion of such a cause of action in Plaintiff's complaint does not, as Plaintiff baldly asserts, ipso facto mean that a prompter resolution of the civil case will preserve the safety of the entire community.

To prevail on the *Monell* Claim, Plaintiff will need to demonstrate, among other things, that any alleged violation occurred because of a municipal policy or custom, and not as the result of "an injury solely inflicted by [the municipality's] employees or agents." *Id.* at 694. Here, Plaintiff points only to the alleged actions of Mr. Meade (as set forth in Plaintiff's complaint) and asks the Court to extrapolate and impute such alleged actions to the entirety of the Franklin County Sheriff's Office, claiming with absolutely no proof, that "[t]he alleged pattern of behavior exhibited by the Franklin County Sheriff's Office potentially presents a threat to safety to the entire community."

Defendants respectfully urge this Court to reject the contention that such hyperbolic claims are more important to the public than the threat to Mr. Meade's Fifth Amendment rights and prejudice to his ability to fully defend against the claims in Plaintiff's Complaint if he is forced to simultaneously defend against the criminal case.

D.     Judicial Economy Weighs in Favor of Granting a Stay

While it is undisputed that the impact of a stay on the Court's time and resources is committed to the Court's sound discretion, as explained in Section II(B) above, Defendants are not seeking an unlimited stay. Nor do Defendants contend that the outcome of the criminal case would preclude Plaintiff from pursuing the civil action. At the same time, however, it cannot seriously be disputed that the outcome of the criminal case has the potential to narrow the scope of issues for both the litigants and the Court in this case. As to Mr. Meade, the facts alleged in the criminal and civil cases overlap significantly and obtaining a verdict in the criminal case, while not necessarily dispositive in the civil action, will inevitably narrow the issues in dispute. While the County is not a defendant in the criminal action, the gravamen of the claims Plaintiff asserts against the County are related to Mr. Meade's conduct, which is the subject of the ongoing criminal action. Such a narrowing of issues would necessarily improve judicial economy. Further, absent a full stay, discovery complications are likely to arise that would further burden the Court's time and resources. In sum, the stay as proposed by Defendants would benefit judicial economy.

E.     The Criminal and Civil Cases Overlap Significantly

Plaintiff concedes that there is overlap between the civil and criminal matters, but asserts that this action will implicate facts not relevant to the criminal case, including "the losses suffered by Mr. Goodson's family in the wake of his killing; [Mr.] Meade's disciplinary and personnel history; general hiring, supervision, discipline, and control practices of the Franklin County Sheriff's Office; use of force policies and firearms training; and internal investigation practices. . . within the Franklin County Sheriff's Office[.]"  (ECF No. 7 at 8.)

In reality, most of the above facts either relate to or arise from the alleged actions that form the basis of the criminal charges against Mr. Meade and will play some part in the criminal case.

8

Such an exercise in hypotheticals demonstrates that a stay is appropriate in this case: there is no need for the Court and parties to speculate about what will be addressed in the criminal trial if the civil action is stayed pending its conclusion. It is without any meaningful dispute that nearly all aspects of the pending criminal charges overlap and impact the claims asserted against Mr. Meade and the County in Plaintiff's Complaint. Likewise, as all of Plaintiff's claims against the County relate to Mr. Meade's alleged actions, any prejudice to Mr. Meade's ability to simultaneously defend against the pending criminal charges and Plaintiff's civil claims is also prejudicial to the County and harms its ability to defend against the civil claims.

III.  CONCLUSION

For the foregoing reasons, as well as for those set forth in Defendant's Motion to Stay, a consideration of all factors weighs substantially in favor of a stay of this action pending resolution of Mr. Meade's criminal charges. Accordingly, Defendants respectfully request this Court to enter a stay of all proceedings in this matter until the conclusion of the trial in the parallel criminal case.

    Respectfully submitted,

    **G. GARY TYACK**
    **PROSECUTING ATTORNEY**
    **FRANKLIN COUNTY, OHIO**

    /s/ *Amy L. Hiers*
    Amy L. Hiers (0065028)
    ahiers@franklincountyohio.gov
    Trial Counsel
    John A. Zervas (0043611)
    Ashlie Depinet (0089094)
    Assistant Prosecuting Attorneys
    373 South High Street, 13th Floor
    jzervas@franklincountyohio.gov
    adepinet@franklincountyohio.gov
    Columbus, Ohio  43215-6318
    (614) 525-3520
    FAX (614) 525-6012

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing was filed electronically this 26th day of January, 2022. Notice of this filing will be sent to all counsel by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ *Amy L. Hiers*
Amy L. Hiers (0065028)