IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | : | |
|---|---|---|
| **ESTATE OF CASEY GOODSON, JR.,** | : | Case No. 2:21-cv-05549 |
| | : | |
| Plaintiff, | : | Judge Michael H. Watson |
| | : | Magistrate Judge Chelsey M. Vascura |
| v. | : | |
| | : | |
| **FRANKLIN COUNTY, OHIO,** *et al.*, | : | |
| | : | **PLAINTIFF'S MOTION TO LIFT** |
| | : | **STAY** |
| **Defendants.** | : | |
| | : | |
| | : | |

Plaintiff, through counsel, respectfully moves this Court to lift the stay of proceedings in this case, in part. Specifically, Plaintiff moves for the stay of proceedings to be lifted and replaced with a limited stay of Defendant Meade's deposition. The present stay of proceedings, when imposed, was intended to be brief and limited, but has become lengthy and indefinite. Because an indefinite or lengthy stay of proceedings prejudices Plaintiff and because Defendant Meade's Fifth Amendment privilege can be protected by staying his deposition while allowing other discovery to be conducted, Plaintiff urges this Court to lift the stay in part.

## MEMORANDUM IN SUPPORT

Casey Goodson, Jr. was murdered by Defendant Jason Meade on December 4, 2020. On December 2, 2021, approximately a year later, this civil rights suit was filed against Defendant Meade and Franklin County for unconstitutional seizure, wrongful death, assault and battery, negligence, and survivorship, as well as a *Monell* policy claim. On the same day, Meade was indicted by a grand jury for the murder.

1

Shortly thereafter, on December 22, 2021, Defendants filed a Motion to Stay. (Motion, Doc. 6). On May 9, 2022, this Court granted that Motion "only until the conclusion of Meade's criminal trial." (Order, Doc. 17, PID#97). At the time, Defendant Meade's trial was scheduled for May 12, 2022, mere days later. (*Id.*, at PID#82). However, on May 12th, the trial was continued to June 29, 2022. (May 12, 2022 Docket Entry, Franklin County Common Pleas Case No. 21-CR-5052). On June 29, 2022, it was continued again, this time for September 1, 2022. (June 29, 2022 Docket Entry, Franklin County Common Pleas Case No. 21-CR-5052). On September 1, 2022, it was continued yet again, this time until December 7, 2022. While this Court indicated that it would "not… stay the case indefinitely," but rather only until the conclusion of trial, the repeated postponement of Meade's trial has turned this into an indefinite stay and is causing significant prejudice to Plaintiff who has been unable to take any action in this case for ten months. For this reason, Plaintiff urges the Court to lift the stay in part, to allow discovery to begin.

I.  **LAW & ARGUMENT**

The power to impose or lift a stay of proceedings is "incidental to the power inherent in every court to control the disposition of the causes in its docket with economy of time and effort for itself, for counsel and for litigants, and the entry of such an order ordinarily rests with the sound discretion of the District Court." *F.T.C. v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 626-27 (6th Cir. 2014), quoting *Ohio Envtl. Council v. U.S. Dist. Court*, 565 F.2d 393, 396 (6th Cir. 1977). However, "[a] stay of a civil case is an extraordinary remedy that should be granted only when justice so requires." *Chao v. Fleming*, 498 F. Supp. 2d 1034, 1037 (W.D. Mich. 2007).

When this Court originally granted the stay of proceedings, it considered the six-factor balancing test, as well as the extent to which Defendant Meade's Fifth Amendment rights would be implicated and judicial economy. While the Court noted that the burden was on Defendants to

2

demonstrate a "pressing need for delay, and that neither the other party nor the public will suffer harm from entry of the order," (Order, Doc. 17, PID#84, citing *Ohio Env't Council*, 565 F. 2d at 396), the Court found the stay justified, predominantly based on Defendant Meade's Fifth Amendment privilege. The Court also anticipated that allowing the criminal trial to conclude would be more efficient because it would avoid duplicative discovery and motion practice, and that the resolution of the criminal proceeding could promote settlement.

However, since that time the "balance of the hardships" had changed tremendously and the stay is no longer justified. *E.M.A. Nationwide, Inc.*, 767 F.3d at 628. The repeated continuances of Defendant Meade's criminal case have undermined any potential efficiency – now neither case is progressing and justice has stalled completely on both fronts. Further, the tremendous delay has greatly increased the prejudice Plaintiff suffers. What should have been a short stay has quickly turned into an indefinite one and there is no end in sight. While the current trial date is scheduled for December 7, 2022, there is no reason to think that it will not be continued again – Defendant Meade has already waived his right to a speedy trial four times. Additionally, there have been indications that the December 7, 2022, trial date will likely be pushed into 2023 due to the Court's docket and the parties needing additional time to review discovery. December will mark two years since Casey's death, and discovery in this case will not have even begun. While Defendant Meade does still have an interest in protecting his Fifth Amendment privilege, that can no longer be used to justify staying all discovery from all Defendants.

For this reason, Plaintiff moves for the stay of proceedings to be lifted to allow for discovery to begin, with the exception of the deposition of Defendant Jason Meade. This will allow him to avoid choosing between avoiding self-incrimination and avoiding an adverse inference in this case. However, other discovery can begin without implicating Meade's privilege. For these

reasons, Plaintiff urges this Court to lift the stay of proceedings in part, to allow discovery to begin. This will allow the civil case to proceed as efficiently as possible.

### A. Defendant Meade's Fifth Amendment Concerns Do Not Justify a Complete Stay of Proceedings or an Indefinite Stay of Proceedings.

It is well-established law that "there is no requirement that a civil proceeding be stayed pending the outcome of criminal proceedings." *F.T.C. v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 627 (6th Cir. 2014), quoting *S.E.C. v. Novaferon Labs, Inc.*, 6th Cir. No. 91-3102, 1991 WL 158757 (Aug. 14, 1991). The mere existence of parallel criminal proceedings alone is not enough to support a request for stay. *In re Scrap Metal Antitrust Litig.*, N.D. Ohio No. 1:02-cv-0844, 2002 WL 31988168, at *5 (Nov. 7, 2002), citing *Standard Sanitary Mfg. Co. v. United States*, 226 U.S. 20, 51-52 (1912). Nor does the presence of fifth amendment concerns automatically necessitate a stay. *Smith v. FirstEnergy Corp.*, S.D. Ohio No. 2:20-cv-3755, 2021 WL 507881, *4 (Dec. 23, 2015). However, in the interest of proceeding while also allowing Defendant Meade the ability to preserve his Fifth Amendment privilege, a limited stay only as to the deposition of Defendant Meade is appropriate and sufficient. *Id*. at *4, citing *Mooney by & through Mooney v. Wallace*, No. 04-1190-T-P, 2005 WL 8156550, at *1 (W.D. Tenn. Apr. 1, 2005). Because the "Fifth Amendment privilege is a personal privilege" that "adheres basically to the person, not to information that may incriminate him," *Couch v. U.S.*, 409 U.S. 322 (1973), a limited stay of Meade's deposition will more than sufficiently protect Defendant Meade's privilege, which does not encompass the production of documents, *In re Scrap Metal Antitrust Litig.*, No. 1:02-cv-0844, 2002 WL 31988168, at *5 (N.D. Ohio Nov. 7, 2002), citing *U.S. v. Hubbell*, 530 U.S. 27, 35-36 (2000), or protect organizations or other entities. *See, e.g., Kirby Developments, LLC v. XPO Global Forwarding, Inc.*, S.D. Ohio No. 2:18-cv-500, 2018 WL 6075071, *6 (Nov. 20, 2018), citing *U.S. v. White*, 322 U.S. 694, 698 (1944).

> **B. The Stay of Proceedings Must be Lifted in Part Because What Was Intended to be a Brief Stay Has Become Lengthy and Indefinite and it is Causing Plaintiff Prejudice, Which Will Only Increase if the Stay Remains in Place.**

While the Court previously found that the balance weighed sufficiently in favor of a complete stay, the passage of time has substantially increased the prejudice to Plaintiff. Lifting the stay and replacing it with a limited stay of Defendant Meade's deposition will protect Meade while addressing the continuing and increasing prejudice Plaintiff faces. While this Court anticipated a short stay, it has become an indefinite one as Defendant Meade's trial is repeatedly postponed. This is "tantamount to denying Plaintiffs their day in court." *Smith*, 2021 WL 507881, *3, quoting *Newell v. Cty. of Wayne*, No. 12-cv-14928, 2013 WL 4613613, at *5 (E.D. Mich. Aug. 29, 2013) (internal citations omitted). As such, indefinite stays of civil actions are highly disfavored. *Id*. at *3 (holding that stay of civil proceedings for duration of criminal action, without further limitation in time, was improperly indefinite).

"[D]elay may work to the disadvantage of the plaintiff…Witnesses may become unavailable, memories may fade, attorneys' fees and costs accumulate, and a deserving plaintiff's recovery may be delayed." *Skrtich v. Thornton*, 280 F.3d 1295 at n.12 (11th Cir. 2002), citing *Apostol v. Gallion*, 870 F.2d 1335, 1338 (7th Cir. 1989). Evidence may become unavailable and "documents may be misplaced." *Schroeder v. Hess Industries, Inc*., No. 1:12-cv-668, 2013 WL 2389489, *1 (W.D. Mich. May 30, 2013). In this case, the passage of time has already caused Plaintiff significant prejudice. A key witness, Keontey Freeman, who encountered Defendant Meade shortly before he killed Casey has died. Due to the stay, Plaintiff will forever be prevented from soliciting her testimony about Meade's statements and actions. Further delay will only serve to exacerbate these challenges with other witnesses. While there may be overlap between the civil and criminal cases, the civil case has unique claims that will be highly prejudiced by any further

delay. Plaintiff "has a right to a determination of its rights and liabilities without undue delay." *Ohio Envtl. Council*, 565 F.2d at 396. This Court must lift the stay so that discovery can begin.

### C. The Interest of the Public and the Court Also Weigh in Favor of Lifting the Complete Stay of Proceedings.

The continued and potentially indefinite delay also means that the factors of the interests of the court and of the public weigh against continuing the stay of proceedings. This stay has not increased efficiency, instead it has completely stalled litigation with no end in sight. The public "has an interest in expeditious litigation," particularly where the matters at issue in such litigation might negatively impact the public while these proceedings languish on the docket. *Smith*, 2021 WL 507881, at *4. The public has an interest in seeing those who violated Casey Goodson Jr.'s rights are held to account, and also in preventing the continuation of patterns of conduct in the Franklin County Sheriff's Office that put all citizens in Franklin County at risk. *Marshall v. City of Farmington Hills*, 578 Fed.Appx. 516, 524 (6th Cir. 2014). This Court also has an "interest in expeditiously resolving the cases on its docket" and in not allowing matters to "languish on the [C]ourt's docket." *Smith*, 2021 WL 507881, at *4. If the stay is not lifted, that is exactly what will happen. For that reason, these factors weigh in favor of lifting the stay.

## II. CONCLUSION

The circumstances of the Parties have changed since this Court granted Defendants' Motion to Stay. Because the factors no longer weigh in favor of a complete stay, and allowing the stay to continue prejudices Plaintiff and effectively denies Plaintiff his day in court, Plaintiff urges the Court to lift the stay of proceedings and replace it with a limited stay that will allow discovery to begin, with the exception of Defendant Meade's deposition, which will remain stayed.

Case: 2:21-cv-05549-MHW-CMV Doc #: 19 Filed: 09/07/22 Page: 7 of 7  PAGEID #: 106

/s/ Sarah Gelsomino
Sarah Gelsomino (0084340)
Jacqueline Greene (0092733)
Marcus Sidoti (0077476)
Friedman, Gilbert + Gerhardstein
50 Public Square, Suite 1900
Cleveland, OH 44113
Telephone: (216) 241-1430
Facsimile: (216) 621-0427
E-Mail: sarah@fggfirm.com
jacqueline@fggfirm.com
marcus@fggfirm.com

Sean L. Walton (0088401)
Chanda L. Brown (00810076)
Walton + Brown LLP
395 East Broad Street, Suite 200
Columbus, Ohio 43215
Telephone: (614) 636-3476
Facsimile: (614) 636-3453
E-Mail: swalton@waltonbrownlaw.com
cbrown@ waltonbrownlaw.com

*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing was electronically filed this 7th day of September 2022. Notice of this filing will be automatically sent by the Court's electronic filing system and may be accessed there by all parties.

/s/ Sarah Gelsomino
Sarah Gelsomino (0084340)
*One of the Attorneys for Plaintiff*

7