**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

|  |  |  |
|---|---|---|
| **ESTATE OF CASEY GOODSON, JR.,** | : | **Case No. 2:21-cv-05549** |
|  | : |  |
| **Plaintiff,** | : | **Judge Michael H. Watson** |
|  | : | **Magistrate Judge Chelsey M. Vascura** |
| **v.** | : |  |
|  | : |  |
| **FRANKLIN COUNTY, OHIO, *et al.*,** | : |  |
|  | : | **MEMORANDUM IN SUPPORT OF** |
|  | : | **PLAINTIFF'S MOTION TO LIFT** |
| **Defendants.** | : | **STAY** |
|  | : |  |
|  | : |  |

      This Court granted a stay of proceedings for the purpose of allowing the criminal proceedings against Defendant Meade to conclude. The Court was explicit that it would not stay the case indefinitely. (Order Granting Stay, Doc. 17, PID#97). At the time, Meade's trial was scheduled to begin three days later. However, since that time, Defendant Meade has repeatedly postponed his trial. Trial is now scheduled to begin on December 7, 2022, however there is no indication that his trial will not continue to be postponed. While Defendants oppose Plaintiff's Motion to Stay, they have done nothing to assure this Court that Meade's trial will not be postponed again. Further, it is highly relevant that Plaintiff asks only for the stay to be lifted in part. Because the stay has become indefinite, and because a partial stay of proceedings as to Defendant Meade's deposition will adequately protect his Fifth Amendment rights, the factors weigh in favor of lifting the stay in part to allow discovery, with the exception of Meade's deposition, which will remain stayed. Therefore, Plaintiff respectfully requests that this Court grant his Motion.

1

I.       **The Partial Stay Does not Burden Defendant Meade or Defendant County.**

Perhaps the most critical question is whether lifting the stay in part to allow discovery to move forward, with the notable exception of Defendant Meade's deposition, will prejudice and burden Defendants. This is the heart of all of Defendants' arguments. However, because the partial stay Plaintiff seeks will not prejudice either Defendant while minimizing the burden on Plaintiff, the Court should grant Plaintiff's Motion.

The simple fact is that Defendant County suffers no burden whatsoever from the lifting of the stay – Defendant County is not the subject of a criminal proceeding, and even if it was, Defendant County has no Fifth Amendment privilege to assert. *In re Grand Jury Proceedings*, 771 F.2d 143, 148 (6th Cir. 1985) ("It is a truism that the privilege against compulsory self-incrimination is a personal one. No collective entity may claim it"). Defendant County suffers no prejudice whatsoever from litigating this action while one of its employees defends a criminal action against him.

Further, the burden on Defendant Meade to the partial lifting of the stay is exceedingly minimal. The Fifth Amendment privilege is a testimonial privilege, so by staying his deposition, his Fifth Amendment privilege is protected. He suffers no prejudice from the testimony of others or from the production of documents. The Fifth Amendment privilege against self-incrimination, which protects against incriminating *testimony*, ordinary offers no basis for refusing to comply with summonses that seek the production of documents. *Fisher v. United States*, 425 U.S. 391, 410 (1976). While there is a narrow exception wherein the "Fifth Amendment may protect an individual from complying with a subpoena for the production" of records, this only applies to the production "of his personal records in his possession" and only when "the very act of production may constitute a compulsory authentication of incriminating information." *Andresen v. Maryland*, 427 U.S. 463, 473-474 (1976). This arises only where the act "may implicitly communicate

'statements of fact," such as "that the papers existed, were in [the producer's] possession or control, and were authentic." *United States v. Rahkit*, No. 1:18cr33, 2020 WL 5530056, *26 fn. 11 (N.D. Ohio Sept. 15, 2020), citing *United States v. Hubbell*, 530 U.S. 27, 36 (2000). While Defendants raise this exception to argue that Meade and Franklin County should be protected from the production of any documents, this interpretation is unsupported by the law.

Critically, this exception does not apply to Franklin County whatsoever. For the purposes of the Fifth Amendment right against self-incrimination, "corporations and other collective entities are treated differently from individuals." *Braswell v. U.S.*, 487 U.S. 99, 104 (1988). Thus, the Fifth Amendment does not protect against the production of the records of a corporation or other collective entity. *In re Grand Jury Empaneled March 8, 1983*, 722 F.2d 294, 296 (6th Cir. 1983). Further, Defendant Meade has provided no basis to conclude that it would apply to him. While documents produced in discovery may contain evidence that will impact Meade's liability, this is not a basis for invoking the protection of the Fifth Amendment. *Andresen*, 427 U.S. at 474 (the Fifth Amendment protects an individual from testifying, not from the production of "information that may incriminate him"). There is no reason to conclude that Meade's mere possession or control of a document would incriminate him in criminal proceedings for the murder and reckless homicide of Casey Goodson Jr., and he has not identified any reason to conclude otherwise.

Thus, while this factor weighs in favor of a partial stay, a stay of Meade's deposition addresses this factor completely. Staying Meade's deposition completely protects his Fifth Amendment privilege, so keeping the stay in place as to his deposition while lifting the stay as to the rest of discovery does not burden Defendants in any way. Thus, this factor does not weigh in favor of any stay in regards to the claims against Defendant County and does not weigh in favor

of continuing the stay of discovery, other than Meade's deposition. For these reasons, the Court should grant Plaintiff's Motion.

## II. While the Extent of Overlap Supports Staying Defendant Meade's Deposition, it Does not Support Staying Discovery Completely.

While this is a case where there is overlap between Plaintiff's claims against Defendant Meade and the criminal proceedings against Meade, Defendants greatly exaggerate the overlap between the two proceedings. This is because Defendant Meade is not the only defendant in this case – there are also claims against Defendant Franklin County. Unlike a conventional state law claim against an employer, Defendant County will not be liable based merely on *respondeat superior*, but will be liable only where its own policies and practices caused the violation. Evidence of a policy, practice, or custom, including evidence that Franklin County failed to properly hire, train, supervise, or discipline deputies who engage in excessive force, evidence of a code of silence among Franklin County deputies, evidence that Franklin County failed to properly investigate the use of excessive force, and evidence that Franklin County failed to properly train its deputies, do not overlap with the issues in Meade's criminal case, which is solely concerned with whether Defendant Meade committed a crime when he shot and killed Casey Goodson Jr. on December 6, 2020. Thus, there is little overlap between the claims against Meade, concerning his use of deadly force on December 4, 2020, and the claims against Defendant County, concerning whether the County maintained policies or practices that caused the violation of Plaintiff's constitutional rights.

A partial stay, staying Defendant Meade's deposition but allowing other discovery to begin, adequately addresses this factor because it protects Meade's Fifth Amendment privilege in relation to these overlapping issues. Thus, while this factor weighs in favor of a partial stay, it does not weigh in favor of any stay in regards to the claims against Defendant County and does not

weigh in favor of continuing the stay of discovery other than Meade's deposition. Plaintiff's Motion should be granted.

### III. While the Fact that Defendant Meade Has Been Indicted Supports Staying Defendant Meade's Deposition, it Does not Support Staying Discovery Completely.

For the same reasons, the fact that Defendant Meade has been indicted does not weigh in favor of a complete stay, but only a partial one. Further, while a stay is usually "most appropriate where a party… has already been indicted," this is because "the likelihood" of "incriminating statements is the greatest after an indictment" *and* the prejudice is "reduced since the criminal case will likely be quickly resolved due to Speedy Trial Act considerations." (See Defendants' Opposition to Plaintiff's Motion to Stay, Doc. 20, PID#111). The problem with this is that Defendant Meade has waived his right to a speedy trial five times already and there is no reason to think that he will not do so again, and he has already made extensive statements to law enforcement regarding his actions in the deadly shooting of Mr. Goodson.

While Defendants point to *Hames v. SunTrust Bank*, No. 2:18-cv-02121, 2020 WL 1809834 (W.D. Tenn. April 8, 2020), as comparable to justify continuing the stay, the cases are not comparable. In *Hames*, the court declined to lift the stay because the criminal proceedings were at an "advanced stage" because the criminal case was "proceeding apace" and that "[d]iscovery was complete." *Id*. at *3. However, there is no indication here that Defendant Meade's criminal proceedings are at an advanced stage. While Defendants assert baldly that Meade's criminal proceeding "may" be at an advanced stage, despite being in a position to know the exact status of the criminal case, they choose not to shed any light on its status. In fact, unlike *Hames*, where there was reason to expect that the criminal case would be resolved soon because discovery was complete, Meade has postponed trial five times on the basis that more time is needed for additional "investigation." There is no indication on the criminal docket of any progress since the first time

he postponed trial on this basis in February 2022, and Defendants have not provided any evidence of progress. Instead, Meade's fifth postponement asks for the exact same thing – more time for further "investigation." (Entry Postponing to December, Doc. 20-1, PID#133).

Regardless, while this factor weighs in favor of a partial stay, a stay of Meade's deposition addresses this factor completely. This factor does not weigh in favor of any stay in regards to the claims against Defendant County and does not weigh in favor of continuing the stay of discovery other than Meade's deposition. Plaintiff's Motion should be granted.

### IV. The Interest of the Courts and the Public Interest Supports Lifting the Stay.

Defendants argue that this factor weighs in favor of continuing the stay because it serves the interests of upholding the rights of the criminally accused, Defendant Meade, and because lifting the stay prior to the conclusion of Meade's criminal trial will not expedite the proceedings. However, Defendants are incorrect. Because granting Plaintiff's Motion will not lift the stay of Meade's deposition, his Fifth Amendment rights will be upheld and as a result this factor weighs in favor of granting Plaintiff's Motion. Further, lifting the stay in part to allow discovery to begin will expedite proceedings because it will allow the parties to begin discovery on the claims against Defendant County, which are not implicated in the criminal proceedings against Defendant Meade, while the criminal proceedings continue concurrently. Most of discovery can be concluded while the proceedings are ongoing, and once the criminal proceedings are concluded, the remaining discovery, Meade's deposition, can be taken quickly. Thus, because granting Plaintiff's Motion upholds the rights of the criminally accused and expedites proceedings, Plaintiff's Motion should be granted.

### V. The Interests of the Plaintiff in Proceeding Expeditiously Weighted Against the Prejudice to Plaintiff Caused by Delay Supports Lifting the Stay.

Finally, the burden on Plaintiff is far from minimal. While this Court found this factor to be neutral at the time the stay was granted, the balance of the hardships has changed tremendously since that time. What should have been a brief stay has become indefinite and in the meantime, a key witness has died. The passage of time will only continue to prejudice Plaintiff, as witnesses become unavailable, memories fade, documents are misplaced, and costs and fees accumulate. *Skrtich v. Thornton*, 280 F.3d 1295 at n.12 (11th Cir. 2002), citing *Apostol v. Gallion*, 870 F.2d 1335, 1338 (7th Cir. 1989); *Schroeder v. Hess Industries, Inc*., No. 1:12-cv-668, 2013 WL 2389489, *1 (W.D. Mich. May 30, 2013).

Defendants' arguments to the contrary are unpersuasive. While they point to differences in the circumstances here compared to those involved in the cases cited in Plaintiff's Motion, they do not respond to the substance of Plaintiff's argument – the longer this stay continues, the higher the burden and prejudice to Plaintiff. And while Defendants claim that the stay is not indefinite, they offer no reassurances whatsoever that Meade will not postpone his criminal trial for a sixth time.

The most they offer is that the death of the witness here is not *as* harmful to Plaintiff's case as the deaths in *King Drug Co. of Florence, Inc. v. Cephalon, Inc*., Nos. 2:06-cv-1797, 2:06-cv-1833, 2:06-cv-2768, 2015 WL 9244638 (E.D. Penn. Dec. 17, 2015). However, not only did that case apply a different standard to a different circumstance, but it is not clear that Defendants' assumption is correct regarding the relative harm. In *King*, an antitrust case, a stay was sought pending an interlocutory appeal after nine years of litigation. It appears that discovery had already taken place, which presumably would have included the depositions of the now deceased witnesses. Thus, it is likely that deposition testimony of the deceased could be entered into the record. Here, no discovery has taken place whatsoever, so there is no deposition testimony to rely on. Further, one of the deceased witnesses in *King* was an expert, and experts can be replaced.

There is no replacing the first-hand account of a witness who encountered Defendant Meade shortly before he shot and killed Casey, especially because Casey is not here to testify himself. Here, where no discovery has taken place, and eyewitness testimony has already been lost, the burden on Plaintiff is greater than that facing the parties in *King*.

Because an indefinite stay burdens Plaintiff, and this stay has become effectively indefinite, this factor weighs in favor of lifting the stay. This Court should lift the complete stay of proceedings and replace it with a partial stay of proceedings, that stays the deposition of Defendant Meade, but allows all other discovery to begin.

## VI.    CONCLUSION

The circumstances of the Parties have changed since this Court granted Defendants' Motion to Stay. Because the factors no longer weigh in favor of a complete stay, and allowing the stay to continue prejudices Plaintiff and effectively denies Plaintiff his day in court, Plaintiff urges the Court to lift the stay of proceedings and replace it with a limited stay that will allow discovery to begin, with the exception of Defendant Meade's deposition, which will remain stayed.

<div style="margin-left:40%;">

*/s/ Sarah Gelsomino*
Sarah Gelsomino (0084340)
Jacqueline Greene (0092733)
Marcus Sidoti (0077476)
Friedman, Gilbert + Gerhardstein
50 Public Square, Suite 1900
Cleveland, OH 44113
Telephone:      (216) 241-1430
Facsimile:      (216) 621-0427
E-Mail:         sarah@fggfirm.com
                jacqueline@fggfirm.com
                marcus@fggfirm.com

</div>

Sean L. Walton (0088401)
Chanda L. Brown (00810076)
Walton + Brown LLP
395 East Broad Street, Suite 200
Columbus, Ohio 43215
Telephone:   (614) 636-3476
Facsimile:    (614) 636-3453
E-Mail: swalton@waltonbrownlaw.com
          cbrown@ waltonbrownlaw.com

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was electronically filed this 12th day of October 2022.

Notice of this filing will be automatically sent by the Court's electronic filing system and may be

accessed there by all parties.

/s/ Sarah Gelsomino_____
Sarah Gelsomino (0084340)
*One of the Attorneys for Plaintiff*