UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**Estate of Casey Goodson, Jr.,**

    **Plaintiff,**

v.

**Franklin County, Ohio, *et al.*,**

    **Defendants.**

Case No. 2:21-cv-5549

Judge Michael H. Watson

Magistrate Judge Vascura

## OPINION AND ORDER

The Estate of Casey Goodson, Jr. ("Plaintiff") moves to lift the stay the Court previously entered in this case. ECF No. 19. Franklin County, Ohio (the "County") and Michael Jason Meade ("Meade," collectively "Defendants") oppose. ECF No. 20. For the following reasons, Plaintiff's motion is **DENIED**.

### I.    FACTS

The Court stayed this case May 2022 until Meade's criminal trial in state court was concluded. ECF No. 17. In the Opinion and Order staying the case, the Court outlined the pertinent facts as follows:

> This case arises from the tragic, fatal shooting of Casey Goodson, Jr. ("Goodson, Jr.") by Meade. Plaintiff alleges that, on December 4, 2020, Goodson Jr. was returning home from a dentist appointment and was bringing lunch to this grandmother's house. Meade, who was a Franklin County Sheriff's deputy at the time, was in Goodson Jr.'s neighborhood on a task force mission entirely unrelated to Goodson Jr. Meade's mission was unsuccessful, and as he disbanded from the rest of the task force, Meade allegedly "targeted and hunted" Goodson Jr., following him to his grandmother's house and killing him "without justification." In this civil case, the Estate of Casey Goodson, Jr., ("Plaintiff") asserts [various causes of action against both Meade and

the County]. Meade has also been criminally charged for killing Goodson, Jr.; he was indicted in the Franklin County Court of Common Pleas for two counts of murder and one count of reckless homicide. Meade removed the criminal case to this Court, but another judge remanded it back to state court for lack of jurisdiction. *Ohio v. Meade*, No. 2:21-cv-5587, 2022 WL 486294 (S.D. Ohio Feb. 17, 2022) (Sargus, J.). The criminal case is scheduled for trial on May 12, 2022.

Op. and Order 1–2, ECF No. 17.

Meade's criminal trial did not begin on May 12, 2022; it has been continued many times and is currently scheduled to begin on June 7, 2023.[1] Accordingly, Plaintiff moves for a lift of the stay, arguing that because Meade's criminal trial has been postponed indefinitely, the balance of harms no longer favors staying this case. *See* Mot. 2, ECF No. 19.

## II. STANDARD OF REVIEW

"The Constitution does not ordinarily require a stay of civil proceedings pending the outcome of criminal proceedings." *United States Securities, and Exchange Commission v. Blackwell*, No. 2:03-cv-00063, 2006 WL 8445724, at *2 (S.D. Ohio Feb. 22, 2006) (citing *Baxter v. Palmigiano*, 425 U.S. 308 (1976)). Nonetheless, "a court still has broad discretion in determining whether to stay a civil action while a criminal action is pending." *Chao v. Fleming*, 498 F. Supp. 2d 1034, 1037 (W.D. Mich. 2007) (citing *Landis v. No. Am. Co.*, 229 U.S. 248, 254–55 (1936)). Whether to stay a civil action in the first instance and whether to lift

---

[1] Pursuant to Federal Rule of Evidence 201, the Court takes judicial notice of the docket in the criminal case.

the stay prematurely requires the Court to analyze the same six factors. See

*Flagstar Bank FSB v. Hild*, Case No. 19-11512, 2022 WL 814012, at *2 (E.D.

Mich. Mar. 17, 2022) (applying the same test on a motion to lift a stay). These

factors are:

> 1) the extent to which the issues in the criminal case overlap with those presented in the civil case; 2) the status of the case, including whether the defendants have been indicted; 3) the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay; 4) the private interests of and burden on the defendants; 5) the interests of the courts; 6) the public interest.

*F.T.C. v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 627 (6th Cir. 2014). In cases

involving parallel criminal and civil proceedings, courts should also consider the

"extent to which the defendant's fifth amendment rights are implicated" and

"whether granting the stay will further the interest in economical use of judicial

time and resources." *Id.* at 627–28 (internal quotation marks and citations

omitted). The third and fourth factors together constitute a "balance of the

hardships" analysis, which is the most important factor for the Court to consider.

*Id.* at 628.

### III. ANALYSIS

Plaintiff argues that the stay must be lifted, at least in part, because it has

become lengthy and indefinite due to Meade's trial date being repeatedly

postponed. Mot. 5, ECF No. 19. Such repeated continuances, Plaintiff argues,

shifts the balance of hardships in Plaintiff's favor, further prejudices Plaintiff, does

not promote judicial economy, and is not in the public interest. *Id.* The Court analyzes each factor, in turn.

### 1. The extent of overlap

The Court's prior analysis of the first factor remains unchanged. In its prior Opinion and Order, the Court found that there is significant overlap between the issues involved in the civil and criminal cases and found this factor weighed in favor of staying the case. Op. and Order, 4–6, ECF No. 17. The issues in each case have not changed. Accordingly, the first factor continues to weigh in favor of staying the case. *See, e.g., Chao*, 498 F. Supp. 2d. at 1039 (finding this factor weighed in favor of staying where "the substantive factual and legal issues would be almost identical.").

### 2. The status of the case

The Court's prior analysis of the second factor also remains unchanged. In its prior Opinion and Order, the Court found that, because Meade had already been indicted for the same conduct at issue in the criminal case, and because his trial was scheduled to commence on May 12, 2022, this factor weighed in favor of staying the case. Op. and Order, 7, ECF No. 17. Although Plaintiff argues that the repeated continuances show that the status of the case is not "advanced" and may be "indefinite," that argument is unavailing. Courts typically find that this factor weighs against staying a case when the parallel criminal case is still in the early investigatory stages and individuals have not yet been indicted. *See, e.g., Smith v. FirstEnergy Corp.*, Civil Action 2:20-cv-3755, 2021 WL

507881, at *2 (S.D. Ohio Feb. 11, 2021) (collecting cases). Defendant Meade was indicted approximately 18 months ago. Mot. 1, ECF No. 19. While the Court shares Plaintiff's frustration that Defendant Meade's criminal trial has still not commenced, there is simply nothing the Court can do to speed that trial along. As long as Defendant Meade stands indicted, this factor continues to weigh in favor of maintaining the stay. See Chao, 498 F. Supp. 2d at 1037 ("[T]he case for a stay is strongest where the defendant has already been indicted[.]").

### 3. Plaintiff's interests

The third factor requires the Court to balance Plaintiff's private interest in proceeding expeditiously against any prejudice that would inure to Plaintiff if the case were stayed. As the Court recognized previously, Plaintiff undoubtedly has an interest in concluding this case and obtaining some semblance of closure around these tragic events. Op. and Order, 7–8, ECF No. 17. Plaintiff also has an interest in preserving witness testimony, some of which has already become unavailable in this case due to one witness recently passing away. See Mot. 5, ECF No. 19. Additionally, a lengthier stay will likely serve to increase the prejudice Plaintiff suffers from the stay. See Schroeder v. Hess Indus., No. 1:12-CV-668, 2013 WL 2389489, at *1–2 (W.D. Mich. May 30, 2013) (recognizing that more lengthy delays may cause prejudice, "including the risk that witnesses's memories may fade, witnesses may relocate or become unavailable, and documents may be misplaced.").

However, as the Court also recognized previously, any prejudice from loss of witness testimony is lessened because "significant evidence will be adduced at the criminal trial and testimony will be presented and preserved." Op. and Order 8, ECF No. 17. On balance, this factor does weigh in favor of lifting the stay.

### 4. Defendants' interests

The fourth factor requires the Court to consider the private interests of and burden on Defendants.

First, the burden on Meade. Meade's Fifth Amendment rights remain a paramount concern for the Court, particularly because Meade faces criminal charges for murder based on the same conduct at issue in this civil case. *See, e.g., Baird v. Daniels*, No. 1:12-cv-945, 2013 WL 493236, at *3 (S.D. Ohio Feb. 7, 2013) ("The strongest case for deferring civil proceedings until after completing of criminal proceedings is where a party under indictment for a serious offense is required to defend a civil . . . action involving the same matter." (internal quotation marks and citation omitted)); *Trustees of Plumbers and Pipefitters Nat. Pension Fund v. Transworld Mech., Inc.*, 886 F. Supp. 1134, 1140 (S.D.N.Y. 1995) (finding the plaintiff's interests "trumped by defendants' interests in avoiding the quandary of choosing between waiving their Fifth Amendment rights or effectively forfeiting the civil case").

Plaintiff proposes that the Court may protect against this concern by staying Plaintiff's deposition of Meade until after his criminal trial is complete. The Court remains unconvinced that limiting discovery in this manner would offer

adequate protection; nor is the Court convinced that proceeding with discovery in this fashion would promote Plaintiff's interest in proceeding expeditiously.

Furthermore, the Court found in its prior Opinion staying the case that Meade had a strong interest in focusing his efforts on defending himself in his criminal trial. Op. and Order 10, ECF No. 17. As Meade's trial date continues to loom, the Court finds that Meade's interest in focusing on defending himself in his criminal case remains strong. *Cf. Hunter v. Hamilton Cty.*, No. 1:15-CV-540, 2015 WL 12999662, at *4 (S.D. Ohio Dec. 23, 2015) ("[R]esponding to the 12 motions to dismiss filed by the various defendants in this case risks diverting plaintiff's focus and resources from her imminent criminal trial.").

Second, the burden on the County. Although certainly less so than the burden on Meade, lifting the stay would still impose a burden on the County. As the Court noted in its prior Opinion and Order, if Plaintiff's case proceeded against the County without discovery from Meade, the County would have little to offer in their own defense and will be prejudiced by the inability to defend themselves adequately. Op. and Order, 11, ECF No. 17 (citing *Stamile v. Cty. of Nassau*, No. CV 10-2632, 2011 WL 1754125, at *4) (E.D.N.Y. Jan. 31, 2011)). Plaintiff's proposed limited discovery does not allay this concern but would rather exacerbate it. Accordingly, the burden on Defendants continues to weigh heavily in favor of staying the case.

### 5. Interests of the Court

The Court must examine its own interests and the interest of judicial economy in analyzing the fifth factor. In its prior Opinion and Order, the Court recognized that it has an interest in not allowing cases to languish on its docket. Op. and Order, 13, ECF No. 17. However, the Court also recognized that it has an interest in ensuring the constitutional rights of criminal defendants are upheld. *Id.* In balancing these interests, the Court concluded that a limited stay will further both interests. *Id.*

Plaintiffs argue that the stay is no longer limited due to the repeated continuances of Meade's criminal trial and that judicial economy favors moving forward with limited discovery. Mot. 6, ECF No. 17. Although the Court agrees that the stay has become much lengthier than it initially anticipated, the Court still finds that judicial economy weighs in favor of staying the case. Limited discovery would not promote judicial economy but would rather waste and duplicate resources; indeed, Meade's criminal trial may ultimately reduce or eliminate the need for certain discovery in this case. *See, e.g., Chao*, 498 F. Supp. 2d at 1040; *Sikon v. Carroll County, Ohio*, Case No. 5:20-cv-0674, 2020 WL 8838043, at *3 (N.D. Ohio June 12, 2020). Accordingly, the interest of the Court weighs in favor of keeping the stay in place.

### 6. Public Interest

Finally, the public interest remains neutral. The public has an interest in expeditious litigation, particularly in cases such as this where the matter is of

keen public interest. *Cf. Smith*, 2021 WL 507881, at *4; *see also McCullaugh v. Krendick*, No. 5:07CV2341, 2009 WL 2929306, at *3 (N.D. Ohio Sept. 2009). However, the public also has an interest in protecting the constitutional rights of criminal defendants and ensuring the fair administration of criminal justice. *See Stamile*, 2011 WL 1754125, at *8; *United States v. Ogbazion*, No. 3:12-cv-95, 2012 WL 4364306, at *3 (S.D. Ohio Sept. 24, 2012). Accordingly, in line with the Court's previous finding, this factor remains neutral.

## IV. CONCLUSION

The only factor weighing in favor of lifting the stay is the interests of and potential prejudice to Plaintiff in keeping the stay in place. All of the other factors counsel against lifting the stay. Therefore, on balance, the Court finds that the factors do not support lifting the current stay, in whole or in part. Accordingly, Plaintiff's motion is **DENIED**.

The Court's prior Order requiring the parties to provide status reports to the Court every **NINETY** days and to notify the Court when Meade's criminal trial has concluded remains in place.

The Clerk is **DIRECTED** to terminate ECF No. 19.

**IT IS SO ORDERED.**

*/s/ Michael H. Watson*

**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**